# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YITZCHOK ROKOWSKY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VERICITY, INC., MEMBERS MUTUAL, FIDELITY LIFE ASSOCIATION, and APEX HOLDCO L.P., ERIC RAHE, CALVIN DONG, SCOTT PERRY, RICHARD HEMMINGS, JAMES E. HOHMANN, JAMES SCHACHT, LINDA WALKER BYNOE, STEVEN GROOT, JOHN FIBIGER, and NEIL ASHE,<br><br>    Defendants. | Case No. 1:20-cv-456<br><br>Hon. Andrea R. Wood |

## JOINT INITIAL STATUS REPORT

**I.**   **Nature of the Case**

  A. *Identify the attorneys of record for each party, including the lead trial attorney*

Plaintiff Yitzchok Rokowsky is represented by Edward A. Wallace (Wexler Wallace LLP); Mark R. Miller (Wexler Wallace LLP); Simon B. Paris (Saltz Mongeluzzi & Bendesky, P.C.) (lead trial counsel); Patrick Howard (Saltz Mongeluzzi & Bendesky, P.C.); Charles J. Kocher (Saltz Mongeluzzi & Bendesky, P.C.); Lance Rogers (Rogers Castor); and Daniel J. Mirarchi (Rogers Castor); Daniel E. Gustafson (Gustafson Gluek PLLC); Raina Borrelli (Gustafson Gluek PLLC) and Joshua D. Snyder (Boni, Zack & Snyder, LLC).

Defendants are represented by Walter C. Carlson (lead trial counsel), Eric S. Mattson, and Elizabeth Y. Austin, all of Sidley Austin LLP.

### B. Parties that have not yet been served

All parties named in the Complaint have been served or executed waiver of service forms.

### C. Basis for federal jurisdiction

This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, and at least one member of the proposed class is a citizen of a different state than at least one defendant. For example, Plaintiff is a citizen of New Jersey, while Vericity, Inc. ("Vericity") is a citizen of Delaware and Illinois.

### D. Nature of the Claims Asserted and Major Legal and Factual Issues

The Complaint arises out of a 2019 transaction by which Members Mutual, an Illinois mutual insurance holding company, converted to a publicly held stock company in a process known as a subscription rights conversion. The allegations center on whether the subscription rights provided to members of Members Mutual were allocated in a fair and equitable manner and in compliance with the provisions in the Illinois insurance code governing subscription rights conversions. The Complaint alleges that these subscription rights were improperly restricted, resulting in (1) violations of the 215 ILCS § 5/59.1; (2) breach of fiduciary duty; (3) negligence; (4) breach of contract; and (5) unjust enrichment. Defendants deny each of these allegations and have filed a motion to dismiss. The motion asserts that all of Plaintiff's claims are barred by the 30-day statute of limitations, that the claims are an improper collateral attack on the Illinois Department of Insurance's approval of the subscription rights conversion, and various other grounds.

### E. *Nature of the Relief Sought*

The Complaint seeks certification of a proposed class and declaratory relief.

## II. **Mandatory Initial Discovery Pilot Project**

The parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project (the "Pilot Project"). Under the Amended Standing Order regarding the Pilot Project, Plaintiff's mandatory initial discovery responses will be due 30 days after the filing of an answer, and each Defendant's response will be due 30 days after it files its respective answer. These dates cannot be determined until the Court's ruling on Defendants' pending motion to dismiss. The parties have agreed to defer discovery until the Court's ruling.

## III. **Case Plan**

### A. *Identify all pending motions*

The only pending motion is Defendants' motion to dismiss, which is currently scheduled to be fully briefed on July 23, 2020.

### B. *State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.*

Defendants have filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion asserts that the Complaint is barred by the relevant statute of limitations, that the Complaint constitutes an improper collateral attack on the decision of the Director of the Department of Insurance to approve the subscription rights conversion, and that Plaintiff's breach of fiduciary duty, negligence, breach of contract, and unjust enrichment claims each fail to state a claim on a variety of grounds.

### C. *Proposed Discovery Plan*

The parties have agreed that it would be premature to propose a discovery plan before a ruling on Defendants' motion to dismiss. If any claims remain pending after the Court's ruling

on the motion to dismiss, the parties intend to confer and propose a discovery schedule at that time. If any claims remain, the parties anticipate written discovery, including interrogatories, document requests, requests for admissions, and depositions of parties and third parties, in addition to mandatory initial discovery. The parties also anticipate that they may conduct expert discovery.

    D. *State whether there has been a jury demand and the estimated length of the trial*

Plaintiff has demanded a jury trial. Since it is unknown whether any claims may remain for trial and whether any class may be certified, the length of any trial is highly uncertain, but may range in length from two days to two weeks.

### IV. Settlement

The parties have not discussed settlement and do not believe that a settlement conference would be productive at this stage.

### V. Consent to Proceed Before a Magistrate Judge

The parties do not consent to proceed before a Magistrate Judge for all matters.

Date: June 8, 2020

Respectfully submitted,

By: */s/ Eric S. Mattson*
   Counsel for Defendants

Walter C. Carlson
Eric S. Mattson
Elizabeth Y. Austin
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Phone: (312) 853-7000
*wcarlson@sidley.com*

By: */s/ Patrick Howard*
   Counsel for Plaintiff

Edward A. Wallace
Mark R. Miller
**WEXLER WALLACE, LLP**
55 W Monroe St
Suite 3300
Chicago, IL 60603
(312) 346-2222

*emattson@sidley.com*
*laustin@sidley.com*

*eaw@wexlerwallace.com*
*mrm@wexlerwallace.com*

**SALTZ MONGELUZZI
 & BENDESKY, P.C.**
Simon B. Paris
Patrick Howard
Charles J. Kocher
1650 Market Street, 52nd Floor
Philadelphia, PA 19013
215.496.8282
215.496.0999 (fax)
*Sparis@smbb.com*
*Phoward@smbb.com*
*Ckocher@smbb.com*

**ROGERS CASTOR**
Lance Rogers
Daniel J. Mirarchi
26 E. Athens Ave.
Ardmore, PA 19003
610-649-1880
877-649-1880 (fax)
*Lance@RogercCastor.com*
*Dan@RogersCastor.com*

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
Raina Borrelli
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 333-8844
DGustafson@gustafsongluek.com
RBorrelli@gustafsongluek.com

**BONI, ZACK & SNYDER LLC**
Michael J. Boni
Joshua D. Snyder
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
(610) 822-0206 (fax)
mboni@bonizack.com
jsnyder@bonizack.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I caused a copy of the foregoing Joint Initial Status Report to be filed via the electronic filing system for the U.S. District Court for the Northern District of Illinois, which will send a Notice of Electronic Filing to all attorneys of record.

*/s/ Elizabeth Austin*